**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                                                    CASE NO.: 8:18-bk-08742-RCT
                                                                                         CHAPTER 7

**Jorge Ortega,**

    Debtor,

**Diane Ortega,**

    Joint Debtor.

_____/

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
(*Final Judgment of Foreclosure Obtained*)

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

Secured Creditor, THE BANK OF NEW YORK MELLON as Trustee for Structured Asset Mortgage Investments II Inc. Mortgage Pass-Through Certificates Series 2005-AR2, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the

following:

1. Debtor(s), Jorge Ortega and Diane Ortega, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on October 11, 2018.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

4. Secured Creditor filed a foreclosure complaint against the Debtor(s) in the Circuit Court for the Thirteenth Judicial Circuit in Hillsborough County, Case Number: 09-CA-30450 M on December 12, 2009, due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property legally described as:

   **LOT 5, BLOCK 1, BLOOMINGDALE SECTION "JJ", ACCORDING TOT HE PLAT THEREOF RECORDED IN PLAT BOOK 64, PAGE 22, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**
   This property is located at the street address of: 3605 Warmspring Way, Valrico, Florida 33594-6347.

5. A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on March 2, 2015 in the amount of $331,233.10. A true and accurate copy of the Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s).

6. The appraised value of the property is $247,235.00. See Exhibit "B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8). The subject

property is also encumbered by additional liens in the amount of $90,000.00

7. Based upon the Debtor(s)' schedules, the property is surrendered and claimed as non-exempt. The Trustee has not abandoned the property.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. Once the stay is terminated, the Debtors will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage.  Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

13. A Proposed Order accompanies this Motion.  See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: October 18, 2018

>ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
>Authorized Agent for Secured Creditor
>6409 Congress Ave., Suite 100
>Boca Raton, FL 33487
>Telephone: 561-241-6901
>Facsimile: 561-997-6909
>
>By:  /s/ Shreena Augustin
>     Shreena Augustin, Esquire
>     Email: saugustin@rasflaw.com
>     FL Bar Number: 0117598

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 18, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Jorge Ortega
3605 Warmspring Way
Valrico, FL 33596

Diane Ortega
3605 Warmspring Way
Valrico, FL 33596

Jack G Kramer
Law Office of Jack G. Kramer
410 Ware Blvd., Suite 105
Tampa, FL 33619

Dawn A Carapella
P.O. Box 67
Valrico, FL 33595-0067

United States Trustee - TPA7/13
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

    ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
    Authorized Agent for Secured Creditor
    6409 Congress Ave., Suite 100
    Boca Raton, FL 33487
    Telephone: 561-241-6901
    Facsimile: 561-997-6909

    By: /s/ Shreena Augustin
        Shreena Augustin, Esquire
        Email: saugustin@rasflaw.com
        FL Bar Number: 0117598

**EXHIBIT "A"**

INSTRUMENT#: 2015084543, BK: 23125 PG: 1641 PGS: 1641 - 1646 03/04/2015 at 04:36:25 PM, DEPUTY CLERK:RGASTON Pat Frank,Clerk of the Circuit Court Hillsborough County

Case 8:18-bk-08742-RCT    Doc 10    Filed 10/18/18    Page 7 of 18

THIS IS NOT A CERTIFIED COPY

RC

FILED
CLERK OF CIRCUIT COURT
2015 MAR -2 PM 2:21
HILLSBOROUGH CNTY, FLA
CIRCUIT CIVIL

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION

The Bank of New York Mellon Corporation as Trustee for Structured Asset Mortgage Investments II Inc. Mortgage Pass-Through Certificates Series 2005-AR2

    Plaintiff,

CASE NO.: 09-CA-30450 M
SECTION III
RF

v.

DIANE S. ORTEGA A/K/A DIANE ORTEGA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.; JORGE B. ORTEGA; UNKNOWN TENANT(S); ERIN ARBOR HOMEOWNERS ASSOCIATION, INC; QUINTARIOS, PRIETO, WOOD & BOYER, P.A.

    Defendant(s)
_____/

### UNIFORM FINAL JUDGMENT OF FORECLOSURE

THIS ACTION was heard before the Court at Trial on March 2, 2015. Based on the evidence presented and being otherwise fully informed in the premises,

**IT IS ADJUDGED** that Final Judgment of Foreclosure is entered in favor of the Plaintiff and against all defendants listed by name: DIANE S. ORTEGA A/K/A DIANE ORTEGA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE

THIS IS NOT A CERTIFIED COPY

FOR COUNTRYWIDE HOME LOANS, INC.; JORGE B. ORTEGA; UNKNOWN TENANT(S); ERIN ARBOR HOMEOWNERS ASSOCIATION, INC; QUINTARIOS, PRIETO, WOOD & BOYER, P.A..

1. Final Judgment is entered in favor of the Plaintiff. Service of process has been duly and regularly obtained over: DIANE S. ORTEGA A/K/A DIANE ORTEGA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.; JORGE B. ORTEGA; UNKNOWN TENANT(S); ERIN ARBOR HOMEOWNERS ASSOCIATION, INC; QUINTARIOS, PRIETO, WOOD & BOYER, P.A.

2. VALUE OF CLAIM: At the initiation of this action, in accordance with section 28.241(1)(a)2.b., Florida Statutes (effective for actions filed on and after June 1, 2009), Plaintiff estimated the amount in controversy of the claim to be $238,078.23. In accordance with 28.241(1)(a)2.c., Florida Statutes, the court identifies the actual value of the claim to be $331,233.10. For any difference between the estimated amount in controversy and the actual value of the claim that requires the filing fee to be adjusted, the clerk shall adjust the filing fee. In determining whether the filing fee needs to be adjusted, the following graduated filing fee scale in section 28.241(1)(a)2.d., Florida Statutes, controls:

| $400 | Value of claim less than or equal to $50,000 with 5 defendants or less |
| --- | --- |
| $905 | Value of claim greater than $50,000 but less than $250,000 with 5 defendants or less |
| $1905 | Value of claim $250,000 or greater with 5 defendants or less |

If an excess filing fee was paid, the clerk shall provide a refund of the excess fee. If an additional filing fee is owed, the Plaintiff shall pay the additional fee prior to the judicial sale. If any additional filing fee owed is not paid prior to the judicial sale, the clerk shall cancel the judicial sale without further order of the court.

3. There is due and owing to the Plaintiff the following:

| | |
| --- | --- |
| Principal due on the note secured by the mortgage foreclosed: | $238,078.23 |
| Interest on the note and mortgage from to 6/30/2014 | $47,240.15 |
| Per diem interest at 2.998% from 7/1/2014 to 03/02/15 | $1,769.04 |
| Escrow Advances | $31,914.37 |
| Taxes for the year(s) of: | $5,593.80 |
| Insurance Premiums: | $3,820.91 |
| **Property Preservation** | **$15.00** |
| **Property Inspections** | **$211.60** |
| Court Costs: | |
| SUBTOTAL | $328,643.10 |

THIS IS NOT A CERTIFIED COPY

| | | |
|---|---|---|
| Attorney Fees: | | $2,590.00 |
| Based upon 10 hours at $175 per hour; | $1,750 | |
| Other (The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.) | $840.00 | |

TOTAL SUM                                                                                                    $331,233.10

4.    The total sum referenced in Paragraph 3 shall bear interest from this date forward at the prevailing legal rate of interest.

5.    Plaintiff, whose address is c/o Nationstar Mortgage LLC, 8950 Cyoress Waters Blvd, Coppell, TX 75019, holds a lien for the total sum specified in Paragraph 3 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to sections 718.116 or 720.3085, Florida Statutes. The plaintiff's lien encumbers the subject property located in Hillsborough County, Florida and described as:

> **LOT 5, BLOCK 1, BLOOMINGDALE SECTION "JJ", ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 64, PAGE 22, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FL**

**Property Address:** 3605 WARMSPRING WAY, VALRICO, FL 33594.

6.    If the total sum with interest at the rate described in Paragraph 4 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _April 20_, 2015, at 10:00 a.m. after having first given notice as required by Section 45.031, Florida Statutes. The judicial sale will be conducted electronically online at the following website: http://www.hillsborough.realforeclose.com. At least three (3) days prior to the sale, Plaintiff must pay the costs associated with the Notice of Publication. The party or their attorney shall be responsible for preparing, in accordance with section 45.031(2), Florida Statutes, and submitting the Notice of Sale to a legal publication. The original Notice of Sale and Proof of Publication must be filed with the Clerk of the Circuit Court at least 24 hours prior to the scheduled sale date.

7.    Plaintiff shall advance all subsequent required costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. If a third party bidder is the purchaser, the third party bidder must pay the documentary stamps attached to the certificate of title in addition to the bid.

THIS IS NOT A CERTIFIED COPY

8.  If Plaintiff incurs additional expenses subsequent to the entry of this final judgment but prior to the sale date specified in paragraph 6 herein, Plaintiff may, by written motion served on all parties, seek to amend this final judgment to include said additional expenses.

9.  On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate, <u>unless the property is purchased by a third party bidder</u>; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 4 from this date to the date of the sale; and by retaining any remaining amount pending further Order of this Court.

10.  On filing of the Certificate of Title, defendant and all persons claiming under or against defendant since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property. On filing of the Certificate of Sale, defendant's right of redemption as proscribed by Florida Statutes, Section 45.0315 shall be terminated.

11.  The Court finds, based upon the affidavits presented and upon inquiry of counsel for the plaintiff, that 10 hours were reasonably expended by plaintiff's counsel and that an hourly rate of $175.00 **and a flat fee rate of $840.00, for a total of $2,590.00** is appropriate. PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).

12. Pursuant to Florida Statutes, Section 45.031:

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.
IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT AT 813-276-8100 EXT. 4733 WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

THIS IS NOT A CERTIFIED COPY

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT BAY AREA LEGAL SERVICES, 829 W. DR. MARTIN LUTHER KING BOULEVARD, 2ND FLOOR, TAMPA, FLORIDA, 33603-3336, TELEPHONE NUMBER, 813-232-1343, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE HILLSBOROUGH COUNTY BAR ASSOCIATION REFERRAL SERVICE AT 813-221-7780 FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

13.    The Plaintiff may assign the judgment and credit bid by the filing of an assignment prior to the issuance of the certificate of title without further order of the court.

14.    The court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, orders authorizing writs of possession and an award of attorney's fees, and to enter deficiency judgments if the borrower has not been discharged in bankruptcy.

DONE AND ORDERED at Tampa, Hillsborough County, Florida, on March 2, 2015.

_____
HONORABLE PRESIDING JUDGE

**COPIES FURNISHED TO:**
**ROBERTSON, ANSCHUTZ & SCHNEID, P.L.**
**ATTORNEYS FOR PLAINTIFF**
**6409 CONGRESS AVENUE, SUITE 100**
**BOCA RATON, FLORIDA 33487**
**PRIMARY EMAIL: mail@rasflaw.com**

DIANE S. ORTEGA A/K/A DIANE ORTEGA
3605 WARMSPRING WAY
VALRICO, FL 33596

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.
1901 E. VOORHEES STREET, SUITE C
DANVILLE, IL 32399

THIS IS NOT A CERTIFIED COPY

JORGE B. ORTEGA
3605 WARMSPRING WAY
VALRICO, FL 33594

UNKNOWN TENANT(S)
3605 WARMSPRING WAY
VALRICO, FL 33594

ROBERT L. TANKEL
ROBERT L. TANKEL
ATTORNEY FOR ERIN ARBOR HOMEOWNERS ASSOCIATION, INC
1022 MAIN STREET, SUITE D
DUNEDIN, FL 34698
PRIMARY E-MAIL: PLEADINGS@CONDOCOLLECTIONS.COM

QUINTARIOS, PRIETO, WOOD & BOYER, P.A.
255 S. ORANGE AVE., STE. 900
ORLANDO, FL 32801
PRIMARY E-MAIL: SERVICECOPIES@QPWBLAW.COM

# EXHIBIT "B"



**Bob Henriquez**
Hillsborough County Property Appraiser

https://www.hcpafl.org/
15th Floor County Ctr.
601 E. Kennedy Blvd, Tampa, Florida 33602-4932
Ph: (813) 272-6100

# Folio: ███████████



| Owner Information | |
|---|---|
| Owner Name | ORTEGA JORGE B |
| | ORTEGA DIANE |
| Mailing Address | 3605 WARMSPRING WAY |
| | VALRICO, FL  33596-6347 |
| Site Address | 3605 WARMSPRING WAY, VALRICO |
| PIN | U-07-30-21-36D-000001-00005.0 |
| Folio | ███████████ |
| Prior PIN | |
| Prior Folio | ███████████ |
| Tax District | U - UNINCORPORATED |
| Property Use | 0100 SINGLE FAMILY R |
| Plat Book/Page | 64/22 |
| Neighborhood | 224005.00 | Bloomingdale Area |
| Subdivision | 36D | BLOOMINGDALE SECTION J J |

## Value Summary

| Taxing District | Market Value | Assessed Value | Exemptions | Taxable Value |
|---|---|---|---|---|
| County | $247,235 | $178,110 | $50,000 | $128,110 |
| Public Schools | $247,235 | $178,110 | $25,000 | $153,110 |
| Municipal | $247,235 | $178,110 | $50,000 | $128,110 |
| Other Districts | $247,235 | $178,110 | $50,000 | $128,110 |

Note: This section shows Market Value, Assessed Value, Exemptions, and Taxable Value for taxing districts. Because of changes in Florida Law, it is possible to have different assessed and taxable values on the same property. For example, the additional $25,000 Homestead Exemption and the non-homestead CAP do not apply to public schools, and the Low Income Senior Exemption only applies to countywide and certain municipal millages.

## Sales Information

| Book | Page | Month | Year | Type Inst | Qualified or Unqualified | Vacant or Improved | Price |
|---|---|---|---|---|---|---|---|
| 7857 | 0345 | 08 | 1995 | WD | Qualified | Improved | $175,500 |
| 7227 | 0644 | 12 | 1993 | WD | Qualified | Improved | $168,300 |
| 6809 | 0108 | 12 | 1992 | WD | Unqualified | Vacant | $2,494,000 |

## Building Information
### Building 1

| | |
|---|---|
| **Type** | 01 | SINGLE FAMILY |
| **Year Built** | 1993 |



### Building 1 Construction Details

| Element | Code | Construction Detail |
|---|---|---|
| Class | C | Masonry or Concrete Frame |
| Exterior Wall | 7 | Masonry Frm: Stucco |
| Exterior Wall | 4 | Wood/Masonry Siding |
| Roof Structure | 3 | Gable or Hip |
| Roof Cover | 3 | Asphalt/Comp. Shingle |
| Interior Walls | 5 | Drywall |
| Interior Flooring | 8 | Carpet |
| Heat/AC | 2 | Central |
| Architectural Style | 10 | Contemporary Multi-Story |
| Condition | 3 | Average |
| Bedrooms | 4.0 | |
| Bathrooms | 3.0 | |
| Stories | 2.0 | |
| Units | 1.0 | |

### Building 1 subarea

| Area Type | Gross Area | Heated Area | Depreciated Value |
|---|---|---|---|
| TWO | 2,678 | 2,678 | $143,908 |
| BAS | 51 | 51 | $2,885 |
| FGR | 304 | | $8,598 |
| BAS | 63 | 63 | $3,564 |
| FOP | 18 | | $226 |
| FGR | 285 | | $8,033 |
| FUS | 285 | 285 | $14,481 |
| **Totals** | **3,684** | **3,077** | **$181,695** |

## Extra Features

| OB/XF Code | Description | Building | Year On Roll | Length | Width | Units | Value |
|---|---|---|---|---|---|---|---|
| 0351 | POOL 01 SCREENED | 1 | 1993 | 0 | 0 | 1.00 | $20,557 |

## Land Information - Total Acreage: 0.20

| Use Code | Description | Zone | Front | Depth | Land Type | Total Land Units | Land Value |
|---|---|---|---|---|---|---|---|
| REE1 | Res SF Class 5.25 | PD | 75.00 | 112.00 | SE | SF LOTS W/ EFF SIZE | 8,400.00 | $44,982 |

## Legal Description
BLOOMINGDALE SECTION J J LOT 5 BLOCK 1

**EXHIBIT "C"**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

**IN RE:**  CASE NO.: 8:18-bk-08742-RCT
CHAPTER 7

**Jorge Ortega,**

　　**Debtor,**

**Diane Ortega,**

　　**Joint Debtor.**

_____/

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

　　THIS CASE came on consideration without a hearing on THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc. Mortgage Pass-Through Certificates Series 2005-AR2's ("Secured Creditor") Motion for Relief from Stay (Docket No. __).  No appropriate response has been filed in accordance with Local Rule 2002-4. Accordingly, it is:

1

**ORDERED:**

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.

2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's interest in the following property located at 3605 Warmspring Way, Valrico, Florida 33594-6347 in Hillsborough County, Florida, and legally described as:

   **LOT 5, BLOCK 1, BLOOMINGDALE SECTION "JJ", ACCORDING TOT HE PLAT THEREOF RECORDED IN PLAT BOOK 64, PAGE 22, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).

4. Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.

5. The Secured Creditor's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is granted.

6. Attorneys' fees in the amount of $345.00 and costs in the amount of $181.00 are awarded for the prosecution of this Motion for Relief from Stay, but are not recoverable from the Debtor(s) or the Debtor(s)' Bankruptcy estate.

###

Attorney, Shreena Augustin, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.