UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                      Case No.: 8:18-bk-08742-RCT
                                                                                            Chapter 7
Jorge Ortega
Diane Ortega

_____DEBTORS._____/

MOTION TO SELL REAL PROPERTY
AND PAY SECURED CREDITOR(S) AND TRANSACTIONAL COSTS
(3605 Warmspring Way, Valrico, FL 33596)

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST A HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Richard M. Dauval, 3900 1st Street North, Suite 100, Saint Petersburg, FL 33703, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

COMES NOW Dawn A. Carapella, Chapter 7 Trustee, by and through her undersigned counsel, and hereby moves for authority to sell certain improved real property, to pay secured creditors and transactional costs, and in support thereof states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On October 11, 2018, the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Dawn A. Carapella was appointed Chapter 7 trustee (the "Trustee").

6. The Debtors own real property, by virtue of a deed, located at 3605 Warmspring Way, Valrico, FL 33596, more particularly known as:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF HILLSBOROUGH, STATE OF FLORIDA, AND IS DESCRIBED AS FOLLOWS:
>
> LOT 5, BLOCK 1, BLOOMINGDALE SECTION "JJ", ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 64, PAGE 22, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.
>
> Parcel ID: 087400-6410

(hereinafter the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is clouded as follows:

   a. a senior mortgage in favor of Mortgage Electronic Registration Systems, Inc, as a nominee for America's Wholesale Lender in OR Book 14838, Page 524, and assigned to The Bank of New York Mellon f/k/a The Bank of New York as

Successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc. Mortgage Pass-Through Certificates Series 2005-AR2 recorded in O.R. Book 24815, Page 751, which Mortgage is now serviced by Nationstar Mortgage, LLC d/b/a Mr. Cooper, in the Public Records of Hillsborough County, Florida (the aforementioned lienholder shall hereinafter be referenced as "Mr. Cooper"); and

b. a junior mortgage in favor of Mortgage Electronic Registration Systems, Inc, as a nominee for Country Wide Home Loans, Inc. and assigned to The Bank of New Yorke Mellon f/k/a The Bank or New York, as successor to JP Morgan Chase Bank, N.A., as trustee for the certificate holders of CWHEQ Revolving Home Equity Loan Trust, Series 2006-E, recorded March 12, 2015 in O.R. Book 23270, Page 1213 which is now serviced by Real Time Resolutions, Inc. (the aforementioned lienholder shall hereinafter be referenced as "RTR").

8. The Trustee has accepted an offer from Amy Leavitt and Tyler Leavitt (the Buyer(s)) to purchase the Property for the gross sale price $ 288,465.28 (which includes a Bankruptcy Surcharge (or, carve out) of $14,000.00, subject to the approval of Mr. Cooper, RTR, and the court, as payment in full). The Trustee believes it is a fair offer for the current economy and the length the property has remained on the market.

9. Any current real property taxes will be paid prorated.

10. The gross sale price of $ 288,465.28, net the closing costs is estimated to be enough to satisfy the outstanding lien, as agreed to by Mr. Cooper and RTR, that encumber the property and net the estate at least $ 14,000.00. If Mr. Cooper or RTR no longer consent

    to their proposed treatment they are hereby on notice that they need to object to the proposed sale of the Property.

11. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit A.

## AUTHORITY TO SELL

12. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business.

## CONCLUSION

13. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the secured creditors. The Buyers have agreed, subject to Court approval, to pay to the Trustee the sum of $ 288,465.28 in exchange for estate's interest in the Property.

WHEREFORE, the Trustee moves for the entry of an order:

A. Authorizing the sale of the Property and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the estate's interest in the Property including without limitation, executing a deed conveying the interests of the Debtor to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are

required by the purchase agreement or order of this Court, including, but not limited to,

(a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs:

Total Sales/Brokers Commission:
6% of base sale price to A to Z Realty, Inc        $ 17,306.46*
*this commission is intended to be shared with a cooperating agent with Signature Realty Associates
Title Charges:        $ 2,050.00
Government recording / transfer charges:        $ 2,124.00
Satisfaction of Liens:
    Mr. Cooper        $ 242,393.23
    RTR        $ 6,000.00
Misc. (Lien Search Fee, Coast 2 Coast Lien Search &
Mitigation Service, LLC)        $ 2,123.00

The above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee seeks authority to pay these amounts, or their reasonable equivalent amounts, to the respective payees depending on the subjective per diem alteration, and

D. Granting the Trustee such other and further relief as is just and proper.

    Respectfully submitted,

    /s/ Richard M. Dauval, Esquire
    Richard M. Dauval, Esq.
    Leavengood, Dauval, Boyle & Meyer, P.A.
    3900 1st Street North, Suite 100
    Saint Petersburg, FL 33703
    727-327-3328 x303

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to:
The Bank of New York Mellon, c/o Nathalie Rodriguez, Esq., nrodriguez@rasflaw.com
U.S. Trustee, USTPRegion21.TP.ecu@usdoj.gov
Jack G. Kramer, Esq., jgkramer@msn.com
Jorge and Diane Ortega, 3605 Warmspring Way, Valrico, FL 33596
Dawn A. Carapella, Trustee, dcarapellatrustee@gmail.com

and all parties of interest that have filed a proof of claim in this case or filed a notice of appearance pursuant to Rule 2002-1(c) on this October 3, 2019.

                                        /s/ Richard M. Dauval, Esquire
                                        Richard M. Dauval, Esq.